Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 7604 | DATE | JUL 25 2000 |
| CASE TITLE | Cooke vs. Stefani Management Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Attorneys' Fees and Costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the plaintiff is awarded $49,835.38 in attorneys' fees and $519.80 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 26 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 45 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MEA (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KENNETH COOKE,

    Plaintiff,

v.

STEFANI MANAGEMENT SERVICES, INC. and TUSCANY RESTORANTE, INC.,

    Defendants.

No. 98 C 7604

HONORABLE DAVID H. COAR

DOCKETED
JUL 2 6 2000

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff Kenneth Cooke's ("plaintiff" or "Cooke") motion for attorneys' fees and costs for the services of his attorneys Jeffrey Friedman and Brian Holman of the firm Friedman & Holman. For the following reasons, the plaintiff's motion is granted and the plaintiff is awarded $49,835.38 in attorneys' fees and $519.80 in costs.

## Background

The plaintiff filed an sexual harassment lawsuit against the defendants Stefani Management Services, Inc. and Tuscany Restorante, Inc. ("defendants"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., on December 23, 1998. The plaintiff's claims were tried before this court in a three-and-one-half-day trial commencing on November 27, 1999. After the plaintiff's attorneys asked the jury for an award of $300,000, on December 3, 1999, the jury returned with a verdict for the plaintiff, but with an award of only $17,500.

The plaintiff's attorneys, Jeffrey Friedman ("Friedman") and Brian Holman ("Holman"), of

1

Friedman & Holman ("FH"), filed this motion for attorneys' fees and costs on March 21, 2000. In this motion, FH give hourly rates of $230 per hour for Friedman and $215 per hour for Holman. (Pl's Motion for Fees, p. 4). FH submits time and work records for 374.05 hours of work by Holman for $80,420.75 of fees, and 154.50 hours of work by Friedman for $35,535.00 of fees, for a grand total of $115,955.75. (Pl's Motion for Fees, p. 6; Pl's Ex. A). FH also submits records for $1,039.60 in total costs, consisting of $150 filing fee, $636 for court reporting, and $253.60 in photocopying. (Pl's Motion for Fees, p. 7).

**Analysis**

In determining the amount of attorney's fees and costs to award to the counsel for the prevailing party, the burden is on the party seeking the award to substantiate the hours worked and the rate claimed. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct 1933, 1939 (1983). The district court must review the fee request and has the discretion to increase or decrease the amount in light of twelve factors.[1] Id. at 429-30 n.3, 103 S.Ct. at 1937-38 n.3. The court must give a "concise, but clear explanation" for each modification to the proposed amount. Smith v. Great American Restaurants, Inc., 969 F.2d 430, 439 (7th Cir. 1992). In analyzing the fee request, "the most critical factor is the degree of success obtained." Estate of Borst v. O'Brien, 979 F.2d 511, 515 (7th Cir. 1992) (quoting Hensley, 461 U.S. at 436, 103 S.Ct. at 1941).

---

[1] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

To determine a reasonable fee award, the court must calculate a "lodestar figure," which is the hours reasonably spent on the case multiplied by each attorney's reasonable hourly rate. Hensley, 461 U.S. at 433. Therefore, the court must first determine the attorney's hourly rate and then the number of hours spent by each attorney. The prevailing party, in this case the plaintiff, has the burden of proving that the request for fees is reasonable. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 556 (7th Cir. 1999). However, the district court has significant discretion to adjust the fee award as necessary. Spellan v. Board of Education, 59 F.3d 642, 646 (7th Cir. 1995).

**Reasonable Fees**

In determining the rate to award the plaintiffs' counsel, the court must look at "the rates charged by lawyers in the community of 'reasonably comparable skill, experience and reputation.'" People Who Care v. Rockford Board of Education, 90 F.3d 1307, 1310 (7th Cir. 1996). The Seventh Circuit uses two methods to calculate fee awards: first is to use the current market rate; second is to base the award on the rate the attorney charged at the time services were rendered and then add interest. Smith v. Village of Maywood, 17 F.3d 219, 221 (7th Cir. 1994). The current market rate used is capped at the rate for attorneys engaged in the type of litigation in which the fee is sought. Cooper v. Casey 97 f.3d 914, 920 (7th Cir. 1996).

Both Friedman and Holman submit declarations describing their education and legal background. Neither Friedman nor Holman submit hourly rates that they have been awarded in similar cases. However, they do submit rates of various law firms who are involved in similar litigation as well as cite case law awarding fees in civil rights litigation in the rate ranges of $225 to $275 per hour. (Pl's Motion for Fees, p. 5, citing Alliance to End Repression v. City of Chicago, 1993 U.S. Dist. LEXIS 1972 (N.D.Ill., Feb. 22, 1993); Spicer v. Chicago Board of Options

3

Exchange, 844 F.Supp. 1226 (N.D.Ill. 1993); Barnett et al. v. City of Chicago, 92 C 1683). Therefore, FH's suggested rates of $230 per hour for Friedman and $215 per hour for Holman seem reasonable.

**Reasonable Hours Incurred**

Counsel should exclude fees for hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The plaintiff's attorneys in this case performed every function from clerical tasks to closing arguments. While there is nothing wrong with partners performing all tasks, that does not mean that the attorneys will be reimbursed at partner rates for each of these tasks. See Spicer 844 F.Supp. at 1245 (N.D.Ill. 1993); Skelton v. General Motors Corp., 661 F.Supp. 1368, 1384 (N.D.Ill. 1987). An example of this excessive billing is the thirteen hours spent by FH to draft and submit the plaintiff's original EEOC complaint. (Dft's Ex. 1, Entry Nos. 15, 16, 18, 19, 20, 22, 23, 27, 28, 29, 31).[2] Therefore, a total number of 16.35 hours (13.8 of Holman's hours and 2.55 of Friedman's hours) will be reduced to a paralegal rate of $80 per hour.[3] Connolly v. National School Bus, Inc., 1998 WL 57475 at *3 (N.D.Ill. 1998); Spegon v. Catholic Bishop of Chicago, 989 F.Supp. 984, 987 (N.D.Ill. 1997).

Another example of questionable billing occurs with FH's billing of administrative tasks at partnership rates. Examples include hand-delivering the Final Pretrial Order to defendants' counsel, and telephoning the court's minute clerk. (Dft's Ex. 1, Nos. 200, 242). Therefore, a total number

---

[2] Since FH did not number their entries and only listed them by date, the court will use the defendants' numbering system from their Ex. 1 for clarity.

[3] Dft's Ex. 1, Entry Nos. 7, 15, 16, 18, 19, 20, 23, 27, 29, 33, 35, 37, 66, 68, 72, 92, 126, 234.

of 21.6 of Holman's hours will be stricken for their administrative nature.[4] Koski v. Gainer, 1999 U.S. Dist. LEXIS 9515, *3 (N.D.Ill. June 21, 1999); Spegon v. Catholic Bishop of Chicago, 989 F.Supp. 984, *aff'd* 175 F.3d 544 (7th Cir.1999).

Finally, the court strikes a total number of 40.85 of Friedman's hours as duplicative or excessive.[5] Jardien v. Winston Network, Inc., 888 F.2d 1151, 1159 (7th cir. 1989). A review of the billing records of FH reveals that the majority of the work performed by Holman was extensively reviewed by Friedman. For example, Friedman reviewed Holman's draft of the EEOC complaint, Holman's draft of the federal complaint, Holman's legal research, Holman's Rule 26(a)(2) statement, Holman's draft of the trial brief, Holman's draft of the jury instructions, just to name a few, for a total of 40.85 hours of review. This case is a relatively straight-forward, single-plaintiff sexual harassment case. It is unnecessary for one partner to supervise and review another partner's work so closely on such an uncomplicated case, and such time cannot be charged to the opposing party. Alfaro v. Executive Mailing Service, 1996 U.S. Dist. LEXIS 4916 at *8.

Therefore, the lodestar amount for Friedman is calculated to $25,553 ($230 per hour multiplied by 111.1 hours), and the lodestar amount for Holman is calculated to $72,809,75 ($215 per hour multiplied by 338.65 hours). Paralegal fees for FH are a total of $1308 ($80 per hour multiplied by 16.35 hours).

---

[4] Dft's Ex. 1, Nos. 21, 32, 39, 47, 56, 58, 59, 60, 73, 74, 88, 98, 99, 111, 140, 152, 158, 176, 193, 200, 213, 235, 238, 240, 242, 258.

[5] Dft's Ex. 1, Nos. 22, 28, 31, 34, 42, 45, 46, 49, 50, 52, 53, 65, 71, 76, 78, 79, 80, 93, 103, 105, 108, 121, 128, 129, 134, 139, 143, 150, 167, 168, 176, 182, 185, 188, 192, 201, 205, 206, 210, 212, 215, 217, 221, 23, 245, 248, 251, 256.

**Limited Success Reduction**

The Supreme Court has stated that the degree of success is the most critical factor in determining what is a reasonable fee. Hensley, 461 U.S. at 436. While success is the most important factor, the Seventh Circuit has repeatedly rejected the mechanical reduction of an attorney fee award by looking at the percentage of the plaintiff's initial demand actually recovered. Sheehan v. Donlen Corp., 173 F.3d 1039, 1048 (7th Cir. 1999); Alexander v. Gerhard Enterprises, Inc., 40 F.3d 187, 194 (7th Cir. 1994); Wallace v. Mulholland, 957 F.2d 333, 339 (7th Cir. 1992). Instead, the Seventh Circuit has applied a three-part test, where the court looks at "the difference between the judgment recovered and the recovery sought, the significance of the legal issues on which the plaintiff prevailed and, finally, the public purpose served by the litigation." Connolly v. National School Bus Service, Inc., 177 F.3d 593, 597 (7th Cir.1999), quoting Cartwright v. Stamper, 7 F.3d 106, 109 (7th Cir. 1993). In otherwords, the question is are the fees reasonable in relation to the difficulty, stakes and outcome of the case. Id.

In the present case, FH asked the jury to award the plaintiff $300,000 in total damages. The jury returned a verdict in favor of the plaintiff, but awarded $0 in damages for past and future humiliation and pain and suffering, $7,500 in lost employment benefits, and only $10,000 in punitive damages. This case was a simple sexual harassment case, where the plaintiffs called only one substantive witness, the plaintiff himself. While FH spent an extraordinary amount of time preparing for trial–over 236 hours in seven days of pre-trial preparation and three days of trial–it does not automatically follow that the plaintiff will be awarded all fees for his victory. For example, in Cole v. Wodziak, the Seventh Circuit affirmed a magistrate judge's significant reduction in attorneys' fees when the requested fees of $85,000 were larger than the jury award of $4,500. The Seventh Circuit

6

pointed out that while prevailing parties are entitled to reasonable fees, in ordinary private litigation, a fee exceeding the damages is not "reasonable." Cole v. Wodziak, 169 F.3d 486, 488 (7th Cir. 1999). Discussing the majority opinions in the Supreme Court case Riverside v. Rivera, the Seventh Circuit noted that the Supreme Court allowed the significantly larger award of fees in that class action case because "a vigorous pursuit of the case was essential" to break a pattern of discrimination and abuse by a local police department against the Chicano community in that city. Cole, 169 F.3d at 488, discussing Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686 (1986). In awarding fees, the Supreme Court explained that "a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damage awards." Rivera, 477 U.S. at 574. Here, the present case does not involve a class, but rather one plaintiff with his one claim against one individual within a company. No evidence was presented of a pattern of wide-spread harassment and abuse throughout the company and thus vigorous litigation was not necessary to break a vicious pattern of behavior. It is unclear what public or social benefits were derived from this case beyond vindicating the rights of the individual plaintiff. See Spegon, 175 F.3d at 558, n.7. "Where the recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." Rivera, 477 U.S. at 585. Therefore, the tremendous cost and effort put forward by FH was not completely necessary. The plaintiff's attorneys fees and costs are reduced by 50% to an award of $49,835.38 in fees and $519.80 in costs. Connolly, 177 F.3d at 597 (stating that the district court did not abuse its discretion by decreasing fees by 50 percent based upon limited success); Cole, 169, F.3d at 487 (affirming an 84 percent decrease in fees based upon limited success).

7

## Conclusion

For the foregoing reasons, plaintiff Kenneth Cooke's motion for attorneys' fees and costs for the services of his attorneys Jeffrey Friedman and Brian Holman, of the firm Friedman & Holman, is granted. The plaintiff is awarded $49,835.38 in attorneys' fees and $519.80 in costs.

Enter:

David H. Coar
United States District Judge

Dated: JUL 25 2000